**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CRYESHA MCDONALD and**                                                                        **PLAINTIFFS**
**CHANTAL LEWIS, on behalf of themselves
and all others similarly situated**

**VS.**                         **CIVIL ACTION NO. 3:18-cv-852-DPJ-FKB**

**TRUSTMARK NATIONAL BANK**                                               **DEFENDANT**

**TRUSTMARK NATIONAL BANK'S MEMORANDUM IN SUPPORT OF
MOTION TO DISQUALIFY COUNSEL**

Subject to and without waiving any of its available defenses, including but not limited to such defenses under Fed. R. Civ. P. 12(b) and 8(c), Defendant Trustmark National Bank ("Trustmark") requests that the Court disqualify Attorneys Jeffrey Kaliel ("Kaliel") and Sophia Gold ("Gold") of the Washington, DC law firm Kaliel, PLLC from participating as counsel because Attorneys Kaliel and Gold made an unauthorized appearance in this Court. The Plaintiffs' Complaint shows that it was submitted by Attorneys Christopher J. Weldy, Jeffrey Kaliel, and Sophia Gold as "Attorneys for Plaintiffs and the Proposed Classes." [Doc.1]. Mr. Weldy is licensed to practice in Mississippi, but Attorneys Kaliel and Gold are not licensed to practice in Mississippi and have not been admitted to practice *pro hac vice*. *Id.* Accordingly, Attorneys Kaliel and Gold have made an unlawful appearance in this Court in violation of Local Rule 83.1(d), for which the penalty is mandatory disqualification. *See In re Williamson*, 838 So. 2d 226, 235 (Miss. 2002) (citing M.R.A.P. 46(b)(1)(ii)); *Reech v. Sullivan*, 2018 WL 1698303, at *2–3 (S.D. Miss. Apr. 5, 2018); *Isom v. Valley Forge Ins. Co.*, 2016 WL 4183315, at *2 (S.D. Miss. Aug. 5, 2016), *aff'd*, 716 F. App'x 280, 288 (5th Cir. 2017).

**ARGUMENT AND AUTHORITIES**

The general rule governing admission and conduct of attorneys practicing before this Court is Local Rule 83.1. *See Reech*, 2018 WL 1698303, at *2. Local Rule 83.1(d) addresses *pro hac vice* admission of attorneys and expressly states that it is "the only authority under which a non-resident attorney who is not a member of the Mississippi Bar and not admitted to practice before the Mississippi Supreme Court may practice in a United States District Court serving Mississippi." L.U. Civ. R. 83.1(d)(2). In turn, the corollary is Local Rule 83.1(d)(7)(E), which states that *pro hac vice* "admission should be denied [if] the applicant ha[s], before the application, filed or appeared in the federal court without having secured approval under these rules." L.U. Civ. R. 83.1(d)(7)(E); *see also Reech*, 2018 WL 1698303, at *2. As shown by the Complaint, Attorneys Kaliel and Gold are not members of the Mississippi Bar; they are not admitted to practice before the Mississippi Supreme Court; and they have not been admitted to practice *pro hac vice* in this Court. [Doc. 1].

Notwithstanding, Attorneys Kaliel and Gold are listed on page 32 of the Complaint as "Attorneys for Plaintiffs and the Proposed Classes." [Doc. 1]. Along with their names, Attorneys Kaliel and Gold list the name of their law firm, Kaliel, PLLC, the physical address for their law firm, their telephone number, and their email addresses. *Id.* Alongside each of their names on page 32 of the Complaint, Attorneys Kaliel and Gold provide the following statement: "(to seek admission *Pro Hac Vice*)." *Id.* As discussed below, federal courts in Mississippi have expressly and uniformly held this kind of appearance to be a violation of the Local Rules, for which the prescribed penalty is mandatory disqualification.[1] *See Reech*, 2018 WL 1698303, at *2–3

---

[1] Federal courts look to state law to determine what constitutes the unauthorized practice of law in the state where the federal court sits. *See, e.g.*, *Isom*, 716 F. App'x at 288 (citing *In re Williamson*, 838 So. 2d at 235 for guidance on the meaning of "appearance" in Mississippi and citing Local Rule 83.5 which expressly adopts the Mississippi Rules of Professional Conduct and states: "An attorney who makes an

(mandatory disqualification due to unauthorized appearance); *Isom*, 2016 WL 4183315, at *2 (same), *aff'd*, 716 F. App'x at 288; *see also Estate of St. Martin v. Hixson*, 145 So. 3d 1124, 1137 (Miss. 2014) ("[T]he consequences of an unauthorized appearance in a Mississippi case would be for a court to deny [the foreign attorney's] right to appear, possibly cite him for contempt, and refer the matter to the disciplinary counsel of the Mississippi Bar for appropriate action under Mississippi Code Section 73–51–1.") (citing M.R.A.P. 46(b)(11)).[2]

"Attorneys not licensed in Mississippi must follow the guidelines outlined in M.R.A.P. 46 to have limited practice privileges, pro hac vice, in Mississippi courts." *In re Williamson*, 838 So. 2d at 233. In turn, M.R.A.P. 46(b)(1)(ii) states that an "'[a]ppearance' shall include the appending or allowing the appending of the foreign attorney's name on any pleading or other paper filed or served." M.R.A.P. 46(b)(1)(ii). And Rule 46(b)(2) states: "A foreign attorney shall not appear in any cause except as allowed pro hac vice under this Rule 46(b)." M.R.A.P. 46(b)(2). In *Williamson*, the Court explained "an 'appearance by attorney' is defined as holding oneself out to be representing a client." 838 So. 2d at 235. "In the future, attorneys are hereby noticed and cautioned that a foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings or <u>allows his or her name to be listed on the pleadings</u>." *Id.* (emphasis added). Attorneys Kaliel and Gold clearly allowed their names to be listed on the Plaintiffs' Complaint and held themselves out as "Attorneys for Plaintiffs and the Proposed Classes." [Doc. 1].

---

appearance in any case in the district court is bound by the provisions of the Mississippi Rules of Professional Conduct and is subject to discipline for violation them."); *see also Crews & Assocs. v. City of Port Gibson*, 2014 WL 6069320, at *2 n.4 (S.D. Miss. Nov. 13, 2014) ("Court draws on Mississippi's unauthorized practice of law jurisprudence to define 'legal services'"); *In re Futch*, 2011 WL 1884187, *3 (Bankr. S.D. Miss. May 18, 2011) (citing penalty provisions in Miss. Code Ann. § 73-3-55).

[2] M.R.A.P. 46(b)(1)(iv) defines "foreign attorney" as "an attorney licensed to practice law and in good standing in another state, the District of Columbia, or other American jurisdiction, but not licensed and in good standing to practice law in Mississippi."

In *Reech*, two Louisiana attorneys filed a complaint in this Court. 2018 WL 1698303; *and* for a copy of the *Reech* complaint, *see* Case 3:18-cv-35-HSO-LRA at [Doc. 1]. One of the Louisiana attorneys was licensed and admitted to practice in Mississippi, but the other was not. *Reech*, 2018 WL 1698303, at *1. Under the foreign attorney's signature appeared the following disclaimer: "(*pro hac vice* to be filed)." *Id.* The defendants' lawyer immediately filed a motion for disqualification of the foreign attorney. The Court found: (1) the foreign attorney made an unauthorized appearance by appending his name to the pleading; and (2) the penalty for the unauthorized appearance is mandatory disqualification. *Id.* at *2–3.

The Court in *Reech* held that "[a]lthough the Local Rules do not define the word 'appearance,' that word has a settled meaning under Mississippi law," which is that "a foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings or allows his or her name to be listed on the pleadings." *Id.* at *2 (citing *In re Williamson*, 838 So. 2d at 235 and acknowledging such meaning is "codified through [M.R.A.P.] 46(b)(1)(ii)").[3] Regarding the penalty for making an unauthorized appearance, the Court held that the use of the word "should" in Local Rule 83.1(d)(7)(E) results in "<u>mandatory disqualification</u> from this case." *Id.* at *3 (emphasis added) (citing L.U. Civ. R. 83.1(d)(7)(E) ("[A]dmission **should be denied** [if] the applicant ha[s], before the application, filed or appeared in the federal court without having secured approval under these rules.") (emphasis in original)). "Because no exceptions appear in the text of Local Rule 83.1(d)(7)(E),

---

[3] The Court noted that following *In re Williamson*, "the Mississippi Supreme Court repeatedly has stressed the seriousness of making an unauthorized appearance." *Reech*, 2018 WL 1698303, at *2 n.1 (citing *Estate of St. Martin*, 145 So. 3d at 1137 ("consequences of an unauthorized appearance in a Mississippi case would be for a court to deny [the attorney's] right to appear . . . ."); *Dinet v. Gavagnie*, 948 So. 2d 1281, 1284–86 (Miss. 2007) (ordering nonresident attorney be reported to Louisiana Bar); *Mitchell v. Progressive Ins. Co.*, 965 So. 2d 679, 685 (Miss. 2007) ("This Court finds that . . . violation of Mississippi Rule of Appellate Procedure 46 . . . in attempting to file the . . . complaint without being admitted *pro hac vice*, may merit discipline by the Mississippi and/or Louisiana State Bar.")).

4

this Court declines Plaintiff's invitation to create what is not there." *Id.*[4] Here, as in *Reech*, denying the Motion to Disqualify and allowing Attorneys Kaliel and Gold to continue to participate in this Court as counsel "would amount to a judicial abolishment of the rule." *Id.*

In *Isom*, the plaintiff's complaint was signed by a lawyer admitted to practice in Mississippi, but beneath the signature line two additional lawyers who were not admitted to practice in Mississippi appended their names along with the following designation: "Of Counsel and pending Pro Hac Vice." 2016 WL 4183315, at *2, *aff'd*, 716 F. App'x at 288; *and* for a copy of the *Isom* complaint, *see* Case 2:16-cv-109-KS-MTP at [Doc. 1-1]. In *Isom*, Judge Starrett held: "The Mississippi Supreme Court has clearly stated that a counsel's name and office address appearing on a pleading constitutes an appearance under Mississippi law." 2016 WL 4183315, at *2 (citing *In re Williamson*, 838 So. 2d at 235). "The Court does not find it of any consequence, then, that [the foreign attorneys] were listed as 'Of Counsel and pending Pro Hac Vice,' because, by allowing their names to be on the Complaint . . . they held themselves out to be representing Plaintiff and were engaged in the unauthorized practice of law in the state of Mississippi." *Id.* The Court therefore disqualified the foreign lawyers from participating as counsel. *Id.*; *and see id.* at n. 3 (stating Local Rule 83.1(d)(7) is "clear" that under these circumstances "admission should be denied"). On appeal, the Fifth Circuit affirmed Judge Starrett's ruling. *Isom*, 716 F. App'x at 288.

---

[4] To further support its holding that disqualification is <u>mandatory</u>, the Court cited A. SCALIA & B. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS § 8, p. 93 (2012) (explaining courts should not "elaborate unprovided-for exceptions to a text" because, if drafters "had intended to provide additional exceptions, [they] would have done so in clear language"). *Reech*, 2018 WL 1698303, at *3. "In a related context, the Fifth Circuit held that Application Note 6 of the Sentencing Guidelines imposed a mandatory requirement, despite the Note's failure to include the words 'must' or 'shall.'" *Id.* (citing *United States v. Alexander*, 100 F.3d 24, 26-27 (5th Cir. 1996) (abrogated by the revised Sentencing Guidelines). "*Alexander* relied on the same principle articulated by the previously-cited treatise, specifically stating that "[n]o qualifications or reservations are suggested" in the Note." *Id.* The Court in *Reech* expressly held that: "The same mandatory application rings true for Local 83.1(d)(7)(E)." *Id.*

Pursuant to the above-cited legal authorities, it is clear that Attorneys Kaliel and Gold made an unauthorized appearance in this Court, for which the mandatory penalty is disqualification. Accordingly, Trustmark requests that the Court disqualify Attorneys Kaliel and Gold from participating as counsel. Trustmark requests such other and further relief as the Court deems just and appropriate.

Dated:  December 20, 2018

        Respectfully submitted,

        **TRUSTMARK NATIONAL BANK**

By: *s/ R. David Kaufman*
      R. David Kaufman
      One of the Attorneys for Defendant

**OF COUNSEL:**

**BRUNINI, GRANTHAM, GROWER & HEWES, PLLC**

R. David Kaufman (MS Bar No. 3526)
William Trey Jones, III (MS Bar No. 99185)
M. Patrick McDowell (MS Bar No. 9746)
Cody C. Bailey (MS Bar No. 103718)
Jacob A. Bradley (MS Bar No. 105541)

The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

dkaufman@brunini.com
tjones@brunini.com
pmcdowell@brunini.com
cbailey@brunini.com
jbradley@brunini.com

## **CERTIFICATE OF SERVICE**

I, R. David Kaufman, hereby certify that on December 20, 2018, I electronically filed the foregoing document with Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ R. David Kaufman*
R. David Kaufman, MS Bar No. 3526
One of the Attorneys for Defendant
