**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CRYESHA MCDONALD and
CHANTAL LEWIS, on behalf of themselves
and all others similarly situated**                                **PLAINTIFFS**

**vs.**                          **CIVIL ACTION NO. 3:18-cv-852-DPJ-FKB**

**TRUSTMARK NATIONAL BANK**                                  **DEFENDANT**

_____

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY COUNSEL**
_____

**INTRODUCTION**

On page 32 of a 32-page Complaint, Counsel for Plaintiffs committed a scrivener's error, listing two out-of-state attorneys in the signature block, along with the designation "to seek admission *Pro Hac Vice*." Rather than point out this scrivener's error to Counsel so that it could be corrected, Trustmark rushed to this Court with a Motion, deciding to expend the valuable time and resources of this Court and of Counsel to remedy this harmless error. Worse, Trustmark has misled the court in doing so, basing its entire Motion on an improper citation to a local rule which was amended—three weeks before Trustmark filed its Motion—to eliminate the so-called "mandatory" penalty that Trustmark now demands.

According to Trustmark, "Attorneys Kaliel and Gold have made an unlawful appearance in this Court in violation of Local Rule 83.1(d), *for which the penalty is mandatory disqualification*." Mot., at 2 (citing cases) (emphasis added). Defendant also states that "this kind of appearance to be a violation of the Local Rules, *for which the prescribed penalty is mandatory disqualification.*" *Id*. And citing *Reech v. Sullivan*, No. 3:18-CV-35-HSO-LRA,

1

2018 WL 1698303 (S.D. Miss. Apr. 5, 2018), Trustmark argues that "the Court held that the use of the word 'should' in Local Rule 83.1(d)(7)(E) results in 'mandatory disqualification from this case.'" *Id*. at 4.  Trustmark's *coup de grâce* is to inform this Court that it *has no choice* but to disqualify Attorneys Kaliel and Gold:  "denying the Motion to Disqualify and allowing Attorneys Kaliel and Gold to continue to participate in this Court as counsel 'would amount to a judicial abolishment of the rule.'" *Id*. (citing *Reech,* 2018 WL 1698303, at \*3). But each of these statements is false or misleading.

Here is the truth.  Mississippi law requires attorneys to be admitted *pro hac vice* prior to appearing in court, and Mississippi strictly defines "appearance" to include a mere name on a pleading—even if that pleading is signed and filed by the resident attorney. *See In re Williamson*, 838 So. 2d 226, 235 (Miss. 2002). Local Rule 83.1(d)(7)(E) allows the Court to consider, as a factor in its discretion, whether to allow an attorney to appear *pro hac vice* if the applicant had "filed or appeared in the federal court without having secured approval under these rules." Here, where an inadvertent scrivener's error is the cause of the supposed "appearance," and where Counsel never represented Mr. Kaliel or Ms. Gold as Mississippi lawyers, the Court should decline to exercise its discretion to disqualify Counsel.  Rather the Court should allow Attorneys Kaliel and Gold to apply for admission *pro hac vice* in due course, a process which will allow this Court to consider Counsel's qualification and standing for admission.

In any event, there is certainly no "mandatory" disqualification. In support of its argument, Trustmark cites an outdated version of Local Rule 83.1(d)(7)(E) and the court's reliance thereon in *Reech*, 2018 WL 1698303.  The <u>previous</u> version of the Rule—which Trustmark cites and the *Reech* court relied on—stated *pro hac vice* "admission **should be denied [if]** the applicant ha[s], before the application, filed or appeared in the federal court without

2

having secured approval under these rules." (Emphasis added). That version of the Rule has been superseded by new rules which took effect on December 1, 2018. Likely in response to the holding in *Reech*, the new version of the Rule strikes the phrase "admission should be denied because." Trustmark's argument that disqualification is mandatory is simply incorrect.

Given the facts and circumstances of this case, this Court should decline to exercise its discretion to disqualify Mr. Kaliel and Ms. Gold from seeking admission *pro hac vice*.[1] Both Mr. Kaliel and Ms. Gold are qualified attorneys in good standing with the bars of the District of Columbia and California who have particular expertise in the subject-matter of this lawsuit. Depriving the named Plaintiffs and the putative class members of their choice of qualified counsel would be an extreme penalty that is both unjust and unwarranted under the circumstances.

## ARGUMENT

**A.   Local Rule 83.1 Provides the Court Discretion in Evaluating *Pro Hac Vice* Applications**

"Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do." *U.S. v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006). Local Rule 83.1(d)(7) is consistent with that principle and provides district courts with discretion in evaluating whether to grant applications for admission *pro hac vice*. The court's broad discretion

---

[1] Mr. Kaliel and Ms. Gold meet the requirements for admission *pro hac vice*. *Inter alia*, they have not sought *pro hac vice* admission in the state or federal courts in Mississippi in the past two years; they have never been subject to a disciplinary proceeding; and they have not been held in contempt or otherwise sanctioned by a court in the last five years; and they each are in good standing in both California and the District of Columbia. They intend to file a *pro hac vice* application as soon as reasonably practicable after receiving certificates of good standing from the Supreme Court of California and the D.C. Court of Appeals. As of the date of this Opposition, Mr. Kaliel and Ms. Gold have submitted their requests for certificates of good standing to the appropriate offices, but have yet to receive the necessary paperwork.

in evaluating *pro hac vice* applications is not nullified by an inadvertent unauthorized appearance:

> Standards for Admission. **The court has discretion whether to grant applications for admission *pro hac vice* and to set the terms and conditions of admission. An application ordinarily should be granted unless the court finds reasons to believe that:**
> (A) admission would be detrimental to the prompt, fair and efficient administration of justice;
> (B) admission would be detrimental to legitimate interests of parties to the proceedings other than the client(s) the applicant proposes to represent;
> (C) one or more of the clients the applicant proposes to represent would be at risk of receiving inadequate representation and cannot adequately appreciate the risk;
> (D) the applicant has engaged in more than five (5) separate unrelated cases or other matters before the Northern and Southern Districts of the federal courts of this state within the last twelve (12) months immediately preceding the appearance in question;
> (E) **the applicant had, before the application, filed or appeared in the federal court without having secured approval under these rules.**

L.U. Civ. R. 83.1(d)(7) (emphasis added).

In arguing the Court lacks discretion and must disqualify Mr. Kaliel and Ms. Gold, Trustmark cites an outdated version of Subsection E, which previously stated "admission **should be denied [if]** the applicant ha[s], before the application, filed or appeared in the federal court without having secured approval under these rules." (Emphasis added). In express reliance on the "should" in the foregoing sentence, an unpublished decision by a magistrate judge in *Reech*, 2018 WL 1698303 held that disqualification was mandatory under the Rules after an unauthorized appearance. *Id.* at *3. As Trustmark knew or should have known at the time it filed its Motion, the current version of the Rules—which took effect on December 1, 2018—strikes the phrase "admission should be denied because" and leaves Subsection E as a discretionary factor that the Court may consider in its analysis of a *pro hac vice* application. Because *Reech* relied on the previous version of the Rule—and specifically the word "should" that has since been deleted—its holding is no longer good law. Instead, this Court retains broad discretion in

evaluating *pro hac vice* applications and need not disqualify Mr. Kaliel and Ms. Gold simply for inadvertently including their names on the pleading.

Apart from *Reech*—which, again, interpreted the previous version of the Rule—no case has ever held that disqualification is mandatory after a single unauthorized appearance. In fact, Trustmark's other cited cases do not support its black-and-white reading of Rule 83.1(d)(7)(E). For example, in *Isom v. Valley Forge Ins. Co.*, No. 2:16-CV-109-KS-MTP, 2016 WL 4183315 (S.D. Miss. Aug. 5, 2016), *aff'd*, 716 F. App'x 280 (5th Cir. 2017), the court utilized a discretionary standard in evaluating whether to deny the applications for admission to appear *pro hac vice*. The court stated it "may have been persuaded to refrain from exercising its discretionary authority upon a showing of good cause," but declined to do so only because the plaintiffs did not file any response to the defendants' motion to disqualify or their motion to revoke the attorneys' *pro hac vice* status. *See id.* at *2. In declining to grant the motion for reconsideration, the court noted, in bold font, "**At no point did Plaintiff ever file on the record any response to Defendants' arguments that his attorneys should be disqualified and should not be granted *pro hac vice* status**." *Isom v. Valley Forge Ins. Co.,* No. 2:16-CV-109-KS-MTP, 2016 WL 4735222, at *1 (S.D. Miss. Sept. 9, 2016) (emphasis in original). Importantly, in affirming the district court's order, the Fifth Circuit did not hold that disqualification automatically followed from an unauthorized appearance. Rather, the Fifth Circuit held the district court did not abuse its discretion in granting the uncontested motion to disqualify. *See Isom v. Valley Forge Ins. Co.,* 716 F. App'x 280, 284, 288 (5th Cir. 2017).

In sum, there is no authority supporting Trustmark's contention that disqualification is mandatory in these circumstances. Trustmark's only case supporting such a holding relied on the word "should" in the previous version of the Local Rules which has since been removed.

**B.      This Court Should Decline to Exercise its Discretion to Disqualify Mr. Kaliel and Ms. Gold**

The unique facts and circumstances of this case distinguish it from each and every case cited by Trustmark. While Plaintiffs are mindful of the broad-sweeping rule enunciated in *In re Williamson* regarding what constitutes an "appearance" in Mississippi, in every case cited by Trustmark, including *Williamson*, the alleged unauthorized practice of law went far beyond merely including the name of an out-of-state attorney on a complaint. In *Williamson*, for example, the out-of-state attorney placed their name on multiple filings, including seven complaints, a response to requests for admission, a notice of deposition, a subpoena duces tecum, and a rebuttal to the response to a motion. *Id*. at 234. In addition, the out-of-state attorney advertised his services directly in Mississippi and even took a deposition without being admitted *pro hac vice*. *Id*. at 235-36. Under such circumstances, the court had no trouble concluding the out-of-state attorney was regularly engaging in the unauthorized practice of law in Mississippi. None of this conduct is at issue here.  Again, all that is at issue here is a scrivener's error.

Likewise, in *Reech, supra,* the out-of-state attorney signed the complaint (rather than merely affixing his name to it) and signed other documents including a notice and request for waiver of service of process. Thus, the court concluded the unauthorized practice of law extended beyond merely affixing a name to the pleading, further justifying the court's disqualification order.[2]  Trustmark cites to no case in which out-of-state counsel was disqualified for the conduct at issue here.

---

[2] *Mitchell v. Progressive Ins. Co.,* 965 So. 2d 679, 683 (Miss. 2007) and *Dinet v. Gavagnie*, 948 So. 2d 1281, 1282 (Miss. 2007) involve even more extreme instances of the unauthorized practice of law. The former involved an out-of-state attorney who attempted to sign a Mississippi pleading, without the inclusion of local counsel. The latter involved an out-of-state attorney who proceeded far into discovery without ever filing a motion for admission *pro hac vice*, despite several warnings to do so. Neither situation is analogous to the facts here.

In this case, Mr. Kaliel and Ms. Gold merely allowed their name to be printed on the Complaint. They did not attempt to file the Complaint or sign it. Nor did they represent themselves as Mississippi attorneys. The Complaint clearly states that Mr. Kaliel and Ms. Gold are "to seek admission *pro hac vice*." As explained in n.1, *supra*, Mr. Kaliel and Ms. Gold intend to file applications to be admitted *pro hac vice* as soon as they receive their requisite certificates of good standing from the appropriate licensing authorities. Mr. Kaliel and Ms. Gold did not in any way misrepresent their status as out-of-state attorneys to either this Court or the Mississippi public and their alleged "unauthorized appearance" was limited to the inclusion of their names on the initial pleading.[3] Further, while this error is regrettable, it was neither willful nor unusual. Indeed, it is not uncommon practice for out-of-state attorneys in the Southern District of Mississippi and in federal courts throughout the country to be listed on pleadings with the designation "*pro hac vice* to be filed" or "pending *pro hac vice*."[4]

Finally, denying the motion for disqualification would serve the interests of justice insofar as Mr. Kaliel and Ms. Gold are particularly well-suited to represent the named Plaintiffs and the putative class members. In considering an application for admission *pro hac vice*, a court may consider "any special experience, expertise, or other factor the applicant believes to make it particularly desirable that the applicant be permitted to represent the client(s) the applicant proposes to represent in the particular case." L.U. Civ. R. 83.1(d)(4)(K)(ii). Here, Mr. Kaliel and Ms. Gold are accomplished attorneys whose practice focuses almost exclusively on consumer class actions, particularly in the financial services field. Mr. Kaliel has been appointed class

---

[3] Of course, Plaintiffs are willing to amend the Complaint to remove the out-of-state attorneys' names pending their application *pro hac vice* if it should please the Court.

[4] For example, on December 19, 2018, out-of-state counsel were listed as "Admission *pro hac vice* pending" in the highly publicized case of *Mills v. Butler Snow LLP*, Case No. 3:18-cv-00866 (S.D. Miss.).

counsel in numerous class actions, many of which involved the overdraft fee practices of banks and credit unions. And Mr. Kaliel and Ms. Gold currently represent plaintiffs in several putative class actions across the country in matters against banks or credit unions or involving the financial services industry. In sum, there are few attorneys in the country better suited to represent the named Plaintiffs and the putative class members. Ms. McDonald, Ms. Lewis, and the putative class of Mississippi residents should not be deprived their rightful choice of otherwise highly-qualified attorneys merely because of an inadvertent error at the outset of their case.[5]

**C. Trustmark Has Provided Zero Argument as to Why the Court Should Use Its *Discretion* to Disqualify Kaliel and Gold, Has Thereby Waived Such Argument, and May Not Make Such Argument in Reply**

There is no doubt that the very core of Trustmark's Motion to Disqualify is its oft-repeated—and false—assertion that an unauthorized appearance of any type is grounds for "mandatory" disqualification. That is why Trustmark has provided zero argument for why the Court should use its *discretion* to disqualify Mr. Kaliel and Ms. Gold. It may not make new arguments on reply, and has waived any such argument. *See, e.g.*, *McDaniel v. Mississippi Baptist Med. Ctr.,* 869 F. Supp. 445, 453 (S.D. Miss. 1994) ("Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which Plaintiff will not have the opportunity to provide an adequate response"); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 876 F. Supp. 2d 758, 768 (S.D. Miss. 2012) ("A reply memorandum is not the appropriate place to raise new

---

[5] Additionally, the scrivener's error at issue here could have easily been remedied by the professional courtesy of a phone call from Trustmark's counsel. Instead of allowing that efficient outcome, Trustmark has caused this Court and Counsel to waste precious time and resources, and has cited bad law in the process. This Court would be well within its powers to sanction such conduct under Rule 11. However, Plaintiffs, unlike Trustmark, do not wish to waste the Court's time with such tangential issues, which only divert attention from Trustmark's egregious practice of assessing unlawful fees on its customers as detailed in the Complaint.

arguments"); *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) ("Reply briefs cannot be used to raise new arguments").

## CONCLUSION

Respectfully, Plaintiffs request that the Court deny Trustmark's Motion to Disqualify and consider Mr. Kaliel and Ms. Gold's forthcoming *pro hac vice* applications on the merits.

Dated: January 3, 2019

Respectfully submitted,

**Cryesha McDonald and Chantal Lewis**

By: */s/ Christopher J. Weldy*
Christopher J. Weldy (MSB #103995)
**WELDY LAW FIRM, PLLC**
105 N. College Street
Brandon, Mississippi 39042
Tel.: 601-624-7460
Fax: 866-900-4850
chris@weldylawfirm.com

## **CERTIFICATE OF SERVICE**

  I, Christopher J. Weldy, hereby certify that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

  So Certified: January 3, 2019.

*/s/ Christopher J. Weldy*
Christopher J. Weldy
