# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CRYESHA MCDONALD and**                                             **PLAINTIFFS**
**CHANTAL LEWIS on behalf of**
**themselves and all others similarly**
**situated**

**v.**                                                    **CIVIL ACTION NO. 3:18-cv-852-DPJ-FKB**

**TRUSTMARK NATIONAL BANK**                                        **DEFENDANT**

## ORDER

This cause is before the Court on three motions: Defendant Trustmark National Bank's Motion to Disqualify Jeffrey Kaliel and Sophia Gold as Counsel [9] and Plaintiffs' Motions for Sophia Gold and Jeffrey Kaliel to be Admitted *Pro Hac Vice*, [14] and [16]. After considering the law and the parties' filings, the Court finds as follows.

On December 10, 2018, Plaintiffs Cryesha McDonald and Chantal Lewis filed a complaint against Trustmark National Bank ("Trustmark"). [1]. Attorney Christopher J. Weldy of the Weldy Law Firm, PLLC, in Brandon, Mississippi, signed the Complaint. [1] at 32. Weldy is licensed to practice law in the State of Mississippi and before this Court. The names of two other attorneys appear below Weldy's signature: Jeffrey Kaliel and Sophia Gold of Washington, D.C. *Id.* Neither Kaliel nor Gold are licensed to practice in Mississippi. However, beside each of their names on the complaint is the following notation: "to seek admission *Pro Hac Vice*." *Id.* Kaliel and Gold have since each filed an application to be admitted *pro hac vice*. Trustmark opposes both motions and contends that L.U.Civ.R. 83.1 requires their disqualification from this case.

Local Uniform Civil Rule 83.1(d)(7)(E) states:

> The court has discretion whether to grant applications for admission *pro hac vice* and to set the terms and conditions of admission. An application ordinarily should be granted unless the court finds reasons to believe that . . . admission should be

denied because the applicant had, before the application, filed or appeared in the federal court without having secured approval under these rules.

L.U.Civ.R. 83.1(d)(7)(E).[1]

Trustmark contends that Kaliel and Gold "appeared" before this Court prior to being admitted *pro hac vice* because their names were listed on the complaint. Trustmark does not object to any other aspect of Kaliel and Gold's *pro hac vice* application, and the Court finds the applications to otherwise be in good order.

Local Rule 83.1 gives the Court discretion when admitting attorneys *pro hac vice*. The Court finds that Kaliel and Gold's applications should be granted. While their names appear on the complaint, Weldy is the attorney who actually signed it.[2] Moreover, neither Kaliel nor Gold made any attempt to deceive the Court or represent themselves to be Mississippi-licensed attorneys. Instead, they made clear that they intended to file applications for admission *pro hac vice*. Additionally, since Weldy's filing of this case, neither Kaliel nor Gold has taken any action that could be considered an "appearance" in this matter or the unauthorized practice of law. While Kaliel and Gold may have technically made an "appearance" under Mississippi law by including their names on the complaint, the Court finds no reasons to believe that this should result in their disqualification under the circumstances. *See* L.U.Civ.R. 83.1(d)(7).

---

[1] In December 2018, the Court mistakenly published a draft copy of proposed changes to L.U.Civ.R. 83.1 on its website in place of the actual rules. Plaintiffs based their response to the Motion to Disqualify on that draft copy. The Court recognizes that Plaintiffs' reliance on the draft copy was the result of the Court's error. The correct version of the Local Rules has since been re-published to the Court's website.

[2] This is one of several facts that distinguishes the case *sub judice* from *Reech v. Sullivan*, No. 3:18-CV-35-HSO-LRA, 2018 WL 1698303 (S.D. Miss. Apr. 5, 2018). In *Reech*, the non-resident attorney actually signed the complaint. *Id.* at *2. Here, Kaliel and Gold did not. [1] at 32. Additionally, in *Reech* the non-resident attorney executed notices and requests for waiver of service of process, directed them to Defendants, and requested that they be returned to his attention. 2018 WL 1698303, at *2. Kaliel and Gold have taken no such action here.

Accordingly, Trustmark's Motion to Disqualify Jeffrey Kaliel and Sophia Gold as Counsel [9] is denied. Plaintiffs' Motions for Sophia Gold and Jeffrey Kaliel to be Admitted *Pro Hac Vice*, [14] and [16], are granted.

SO ORDERED, this the 14th day of February, 2019.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE